**FOURTH DIVISION**
**MCFADDEN, P. J.,**
**WATKINS and PADGETT, JJ.**

**NOTICE:** Motions for reconsideration must be
physically received in our clerk′s office within ten
days of the date of decision to be deemed timely filed.
https://www.gaappeals.gov/rules

**July 28, 2026**

# In the Court of Appeals of Georgia

A26A1507. WONG v. THE STATE.

PADGETT, Judge.

A jury found Phuong Kim Wong guilty of felony theft by shoplifting. Wong appeals from the denial of her motion for directed verdict and motion for new trial, arguing that the evidence was insufficient to support her conviction. For the reasons that follow, we affirm.

> [T]he standard of review for the denial of a motion for a directed verdict of acquittal is the same as for determining the sufficiency of the evidence to support a conviction: the evidence must be sufficient for a rational trier of fact to find beyond a reasonable doubt that the defendant was guilty of the charged offense. The evidence must be viewed in the light most favorable to support the verdict and the defendant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine the credibility of witnesses.

*King v. State*, 364 Ga. App. 263, 265 (874 SE2d 439) (2022).

Viewed in this manner, the evidence shows that on September 6, 2024, Wong and two companions arrived in the same car at Metro Chef, a wholesale food and restaurant supply warehouse. Wong and her companions walked into the store together and entered the walk-in meat cooler, located by the front entrance. Metro Chef's layout funnels customers from the right side of the store, where the entrance is located, to the checkout registers on the opposite side of the store, near the exit.

Wong and her companions left the store together through the entrance, without going around to the cash registers, with a shopping cart containing approximately 70 pounds of beef tenderloin and 50 pounds of denuded beef worth $1,192.48. As they exited the store, a Metro Chef employee asked Wong to show him a receipt. Wong did not do so. Instead, she and her acquaintances "took off running" toward Wong's car. Store employees chased after them into the parking lot. By the time the employees made contact with Wong, she was seated in the driver's seat of her car with the keys in her hand, and some of the boxes of meat had been put into the vehicle. The store manager called 911 and Wong was escorted back inside the store. Wong told the responding officer that she was under the impression that the meat had already been paid for. The store manager testified that patrons are only able

to pay for merchandise at the cash registers; no online or over-the-phone shopping is available.

Wong was charged with felony theft by shoplifting and proceeded to a jury trial. At the close of the State's case, Wong moved for a directed verdict, which the trial court denied. The jury found her guilty and she filed a motion for a new trial, which the trial court denied without a hearing. This appeal followed.

Wong argues that the evidence was insufficient to support her conviction because, she asserts, the evidence was circumstantial and did not exclude every other reasonable hypothesis except her guilt. Wong also contends that her theft by shoplifting conviction cannot be sustained because she was merely present at the scene. We disagree.

OCGA § 16-8-14(a)(1) provides in part that:

> A person commits the offense of theft by shoplifting when such person alone or in concert with another person, with the intent of appropriating merchandise to his or her own use without paying for the same or to deprive the owner of possession thereof or of the value thereof, in whole or in part, ... takes possession of the goods or merchandise of any store or retail establishment.[1]

---

[1] The offense is punished as a felony if the value of the merchandise taken exceeds $500. OCGA § 16-8-14(b)(2). Wong does not dispute the sufficiency of the evidence concerning the value of the merchandise.

"A person who intentionally aids and abets in the commission of shoplifting is a party thereto and may be convicted of shoplifting." *Veasey v. State*, 244 Ga. App. 102, 103–04(1) (534 SE2d 129) (2000) (punctuation omitted). "[W]hile mere presence at the scene of a crime affords no basis for a conviction, presence, companionship, and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred." *Saintpaul v. State*, 358 Ga. App. 393, 395 (855 SE2d 399) (2021) (punctuation omitted). Moreover, circumstantial evidence can be sufficient to support a conviction "if the proved facts are not only consistent with the hypothesis of guilt, but exclude every other reasonable hypothesis but the guilt of the accused. And when the evidence meets this test, circumstantial evidence is as probative as direct evidence, and whether this burden has been met is a question for the jury." *Elkins v. State*, 350 Ga. App. 816, 819(1) (830 SE2d 345) (2019) (citation modified).

Bearing these principles in mind, we conclude that the evidence was sufficient to support Wong's shoplifting conviction. Wong and her two companions arrived in one car and entered Metro Chef together. They walked into the meat cooler together and left the store with approximately 120 pounds of beef without paying for it. When asked to provide a store receipt, Wong and her accomplices "took off running" to the parking lot. By the time the store employees encountered Wong, the boxes of meat

had been placed inside her car. Thus, the evidence supported the finding that Wong was not merely present at the scene, but rather that, working in concert with her accomplices, she purposely took possession of the merchandise without paying for it, with the intent of appropriating it to her own use. See *Saintpaul*, 358 Ga. App. at 395; *Veasey*, 244 Ga. App. at 104(1). See also *Shaheed v. State*, 245 Ga. App. 754, 755(1) (538 SE2d 823) (2000) ("Flight [from the scene of a crime] is circumstantial evidence of consciousness of guilt; the weight to be given such evidence is for the jury to decide." (punctuation omitted)).

While Wong claimed that she assumed that the meat had been paid for, the jury was authorized to reject this explanation. See *McClain v. State*, 301 Ga. App. 844, 847(1) (689 SE2d 126) (2010) (holding that even in case based upon circumstantial evidence, "[a] jury is not required to believe a defendant's testimony").

Accordingly, we affirm the trial court's denial of Wong's motion for new trial.

*Judgment affirmed. McFadden, P. J., and Watkins, J., concur.*